Per Curiam.

The Court are of opinion, that the' plea m *156 , oar is insufficient. This opinion is not grounded on the wart of consideration, uncertainty or repugnancy of the writing set forth in the plea ; but supposing that the respondents can maintain an action upon the contract, the question yet remains, whether the contract can be pleaded as a bar to the petition for partition. A case occurred in the State of Maine, in relation to a wharf, in which a similar agreement was pleaded. The Court, after consideration, held that it was no bar. This was before we had books of reports. The contract here not being under seal, it cannot affect legal rights to real estate, whatever might be its operation as to personal property. To be pleaded as a release it ought to be under seal; though a man may be rebutted by an agreement in writing merely, and perhaps by a paroi agreement, in order to prevent circpity of action; and that is where the same rule of damages would govern. But this doctrine is inapplicable to the present case. What would be the amount of the damages for a breach of the contract, we cannot say ; they would, however, be in money ; but here is a claim to hold land in severalty. We know of no principle in law to prevent the petition from being allowed, though in a court of equity the party might perhaps be held to his agreement.

Plea adjudged bad.